**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aerisa, Inc., a Delaware corporation,          )<br>                                                                )<br>              Plaintiff,                                      )<br>                                                                )<br>vs.                                                             )<br>                                                                )<br>Plasma-Air International, a Connecticut)<br>corporation; Terry A. Busskohl; Clifford)<br>Miller; Lawrence Sunshine; John Collins,)<br>individuals,                                                )<br>                                                                )<br>              Defendants.                                 )<br>                                                                )<br>_____) | No. CV 08-227-PHX-NVW<br><br>**ORDER** |

Before the court is Defendants' Motion to Compel Mediation and Arbitration (doc. # 32). This motion will be denied. Only one Defendant is a party to the contract containing the arbitration clause at issue, and that Defendant has waived the right to invoke the arbitration clause by filing a parallel lawsuit against Plaintiff in New York.

**I.     Background**

In August 2006, Aerisa's predecessor in interest and Clifford Miller ("Miller") were parties to a Wind-Up Agreement that is the subject of Aerisa's complaint. The Wind-Up Agreement provides that Arizona law governs the force and construction of its terms. The Defendants seek to invoke Section 13 of the agreement, which provides in part that "[t]he parties expressly agree to submit any dispute between them arising out of or

relating to this Agreement . . . to mediation, and, if necessary, arbitration . . . ." They argue that Aerisa's suit arises out of the agreement and is therefore subject to arbitration.

Aerisa does not dispute that its suit arises out of the agreement. It opposes Defendants' motion on the grounds that Miller is the only Defendant who was party to this agreement, and on the grounds that Miller himself waived his right to invoke this provision by filing his own suit. Aerisa also argues that its substantive claims and its Motion for a Preliminary Injunction (doc. # 17) are not subject to arbitration. Before filing his Motion to Compel, Miller, along with co-Defendants Plasma Air International and Lawrence Sunshine, had filed suit against Aerisa and other parties in the Southern District of New York. (Doc. # 19-3) (Complaint, *Plasma Air Int'l, Inc. v. Aerisa, Inc.*, No. CV 08-02415 (S.D.N.Y. Mar. 10, 2008)).

**II.   Analysis**

The plain language of the arbitration provision confirms that Miller is the only Defendant who may invoke it. The provision states that "[t]he parties expressly agree to submit any dispute between them" to arbitration. Therefore, the scope of the arbitration provision does not, on its face, extend to any dispute between Aerisa and the other, non-signatory Defendants. Defendants cite *Western Agricultural Insurance Company v. Chrysler Corp.* for the proposition that an arbitration provision may be enforced with respect to a dispute where one of the defendants was not party to the arbitration agreement. 198 Ariz. 64, 68, 6 P.3d 768, 772 (App. Ct. 2000). It is true that sometimes a third party may invoke an arbitration clause. *Western Agricultural* holds that a third party can invoke an arbitration clause if it has agreed to indemnify one of the parties to the agreement and essentially "stands in the shoes" of that party. *Id.* at 68, 6 P.3d at 772. Defendants have presented no such facts, however, so their passing citation to *Western Agricultural* does not defeat the agreement's terms.

The question then arises whether Defendant Miller may still compel arbitration of the suit against him, or whether he has waived the benefits of the arbitration provision by filing suit in New York. "Public policy favors arbitration" and therefore waiver of an

1 arbitration clause is generally not favored. *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz.
2 576, 581, 892 P.2d 1365, 1370 (Ct. App. 1994). Nonetheless, when a party seeks redress
3 through the courts instead of the arbitration tribunal seeking the same relief that the
4 arbitrator is empowered to grant, the party waives the right to compel arbitration of the
5 issue. *Bolo Corp. v. Homes & Son Constr. Co.*, 105 Ariz. 343, 347, 464 P.2d 788, 792
6 (1970).

7 Miller has waived his right in this manner. Miller's New York complaint seeks a
8 declaration that "any restrictions imposed upon [Miller's] ability to compete set forth in
9 the Wind-Up Agreement were removed when the non-competition agreements terminated
10 on February 1, 2007" and a declaration that Plasma Air owns the rights at issue in this
11 case. Miller also seeks injunctive relief and damages against Aerisa flowing from
12 Aerisa's asserted ownership of the rights at issue. These claims require and expressly call
13 for an interpretation of the Wind-Up Agreement; they are arbitrable under that agreement
14 and their assertion constitutes waiver.

15 There is no merit to Miller's claim that his New York action "does not arise out of
16 or relate to the Wind-Up Agreement" because Miller predicates that claim on a separate
17 agreement, the 2006 Memorandum of Understanding. It is not at all clear that such artful
18 pleading would successfully avoid waiver where the claim may yet require interpretation
19 of the contract containing the arbitration clause. Regardless, however, that issue need not
20 be decided because Miller did not plead around the Wind-Up Agreement. The New York
21 complaint seeks damages and an injunction relating to the force of the Wind-Up
22 Agreement. It also seeks a declaration that would interpret that agreement's terms and
23 establish the rights of Plasma-Air. This prayer for a declaratory judgment confirms that
24 the action is a mirror-image of Aerisa's suit. The interpretation of the Wind-Up
25 Agreement would necessarily—and does in fact—appear as an element of a complaint
26 filed by Aerisa to enforce the rights in dispute. Miller's New York action thus arises out
27 of and relates to the Wind-Up Agreement. *Cf. Mobil Oil Corp. v. City of Long Beach*,
28 772 F.2d 534, 539 (9th Cir. 1985) (holding that a declaratory judgment action arises

under federal law if the federal issue would appear as a necessary element of a well-pleaded complaint filed to enforce the rights in dispute). It constitutes a waiver of any right he might have had to compel arbitration in this case.

Because the above analysis disposes of the Motion to Compel arbitration as to all Defendants, it is not necessary to reach Aerisa's remaining arguments.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel Mediation and Arbitration (doc. # 32) is denied.

DATED this 11th day of December, 2008.

_____
Neil V. Wake
United States District Judge